The President.
It was objected by the defendant’s counsel, that this action ought not to have been sustained, the bond having been made payable to the Commonwealth, instead of the Justices, as required by theOrdinance of Convention passed in 1776, Ch. 5,Sec. 8, which gives the remedy to individuals injured by a breach of it.
If the counsel had been correct in his premises, his conclusion would have been right; but there was at the time of passing that Ordinance, a prior subsisting law of 1748, amended by another in 1753, which directed the giving of bonds of this sort, payable to the King, and pointing out the same remedy to individuals, injured by a breach of them. This law amongst others, was by the same ordinance of convention, declared to be in force, and the Legislature in 1782, considered it as being in force, by referring to and repealing part of it.
The bond in question, pursues the form of those laws, substituting the Commonwealth for the King.
Upon the merits, the plaintiffis right; but.the Court is of opinion that there is error in the judgment, in attaching the recovery to Catharine Cauthorne as to future injuries, excluding all others.
The judgment therefore must be reversed for this error, and entered, “ that the Commonwealth recover against the defendants “ the said sum of 1G00/. and the costs, but to be discharged by the payment of the damages by the jury assessed for the benefit of Catharine Cauthorne, and the costs, and such other damages as may be hereafter assessed upon suing out a scire facias and assigning new breaches by the said Catharine, or by any other person or persons injured.(1)

 Winslow v. The Commonwealth, 2 Hen. & Munf. 463. 466. Gordon's Adm. v. The Justices of Frederick, 1 Munf. 8.